PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. MIGUEL WESTERN, Defendant and Appellant.

No. 2531. Argued June 24, 1925.—Decided July 8, 1925.

ARMS—CARRYING ARMS—EVIDENCE.—The introduction of the arm in evidence is not an indispensable prerequisite to a conviction of the offense of carrying a prohibited arm.

District Court of Humacao, Pablo Berga, J. Judgment convicting defendant of carrying prohibited arms. *Affirmed.*

*Adolfo García Veve* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The district attorney, after resting his case and after the presentation of a motion for an acquittal, was permitted to introduce in evidence a knife which had been identified during the earlier stages of the trial as the weapon carried by defendant.

The policeman who identified the knife, before doing so, had described it with a wealth of detail that left little room for any reasonable doubt with reference to its character as a deadly weapon. His testimony upon this point is uncontradicted even by defendant and other witnesses who took the stand after the making of the ruling which is now assigned as error.

In the circumstances, we are unable to concur in the view of counsel for appellant that the introduction of the knife in evidence was an indispensable prerequisite to a conviction for the offense of carrying a concealed weapon,

with which defendant was charged. But, even otherwise, the brief for appellant does not establish the proposition, if it be tenable, that defendant was in fact deprived of any substantial right, or that the trial judge was guilty of any very serious abuse of the sound judicial discretion which appellant concedes should be exercised in such circumstances.

The contention that the court below erred in weighing the evidence is somewhat more serious.

The testimony for the defense tended to show that defendant is the proprietor of a bicycle agency, and a painter of metal beds and bicycles; that the knife in question was used by him in his business as an instrument or tool for the purpose of removing the original coat of paint, as a preliminary step to the repainting of beds and bicycles; that shortly before the knife was taken from him he had been engaged in scraping a bicycle; that certain friends had called him into consultation as an older and more experienced contractor, in connection with the prospective handling of a contract that had just been secured by such friends; that while discussing this matter with them and advising them in this regard, a passing policeman demanded the delivery of the knife; and that this seizure was made within a few meters from the doorway of defendant's place of business.

If this were all, and if the trial judge had not expressed any opinion directly upon this aspect of the case, we might be inclined to reverse the judgment. *People* v. *Soto-Coyet, ante,* page 277.

But defendant in his testimony, and other witnesses perhaps out of a desire to favor him, went somewhat beyond this to say that the policeman had passed a few minutes before the event and had seen or could have seen defendant at work. Whereupon the policeman was recalled to the stand, and the statements last above mentioned were emphatically contradicted.

Upon finding defendant guilty the trial judge referred to this conflict in the evidence, stating that he believed the policeman's version of the incident and did not believe that the knife had been carried or used as a tool.

In the face of this conflict in the testimony and of the positive finding made by the court below, we are not prepared to say that the judgment is contrary to the evidence, or that the court below erred in weighing the same.

The judgment appealed from must be affirmed.